UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| 608941 NJ INC., <br><br> Plaintiff, <br><br> -against- <br><br> JEFFREY SIMPSON, JJ ARCH LLC, and ARCH REAL ESTATE HOLDINGS LLC, <br><br> Defendant. | Civil Action No.: 1:23-cv-08966 |

**MEMORANDUM IN SUPPORT OF EMERGENCY ORDER TO SHOW CAUSE FOR REMAND AND, IN THE ALTERNATIVE, FOR PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER**

Leslie C. Thorne
Aishlinn Bottini
HAYNES AND BOONE, LLP
30 Rockefeller Plaza, 26th Floor
New York, NY 10112
Telephone: (212) 659-7300
Facsimile: (212) 918-8989

**ATTORNEYS FOR
608941 NJ INC.**

# TABLE OF CONTENTS

PRELIMINARY STATEMENT AND FACTUAL BACKGROUND ........................................... 1
FURTHER STATEMENT OF FACTS ................................................................................... 4
LEGAL STANDARD FOR REMAND ................................................................................... 4
ARGUMENT ............................................................................................................................ 4
    A.   This Court lacks federal question jurisdiction because the relief sought by Oak presents only questions of state law. ........................................................................................... 4
    B.   If the Court concludes that is has jurisdiction over Counts III and IV of the Complaint, it should sever and remand Plaintiff's remaining claims. ............................................................. 9
    C.   In the alternative, Oak asks the Court to grant the preliminary injunction and temporary restraining order sought in its state court Order to Show Cause. ................................................. 9
    D.   Oak is entitled to recover fees incurred in bringing this Motion. .................................... 11
CONCLUSION ....................................................................................................................... 12

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Arabesque v. Capacity LLC*,
   2008 WL 681459 (S.D.N.Y. Mar. 10, 2008) ............................................................................12

*Bon-Ton Stores, Inc. v. May Dep't Stores Co.*,
   881 F. Supp. 860 (W.D.N.Y. 1994), decision supplemented, No. CIV. A. 94-
   6454L, 1995 WL 215307 (W.D.N.Y. Mar. 6, 1995) ................................................................11

*Carter v. HealthPort Techs, LLC.*,
   822 F.3d 47 (2d Cir. 2016) .........................................................................................................5

*Com/Tech Comm. Tech., Inc. v. Wireless Data Sys., Inc.*,
   163 F.3d 149 (2d Cir. 1998) .....................................................................................................10

*Consol. Gold Fields PLC v. Minorco, S.A.*,
   871 F.2d 252 (2d Cir.), amended, 890 F.2d 569 (2d Cir. 1989) ...............................................11

*G.H. Partners AG v. Wextrust Capital, LLC*,
   No. 07 Civ. 9803(DLC), 2008 WL 65102 (S.D.N.Y. Jan. 4, 2008) .........................................12

*In re 477 W. 142nd St. Hous. Dev. Fund Corp.*,
   No. 20-CV-6771, 2022 WL 2093418 (S.D.N.Y. June 10, 2022), appeal
   dismissed (2d Cir. Dec. 19, 2022) ........................................................................................2, 8

*In re 3P Highstown, LLC*,
   631 B.R. 205 (Bankr. D.N.J. 2021) ...........................................................................................8

*In re Avalon Hotel Partners, LLC*,
   302 B.R. 377 (Bankr. D. Or. 2003) ............................................................................................7

*In re Brenner*,
   114 A.D.2d 363 (2d Dep't 1985) .............................................................................................11

*In re Coudert Bros.*,
   487 B.R. 375 (S.D.N.Y. 2013) ...................................................................................................7

*In re Pasta Bar By Scotto II, LLC*,
   No. 15-12766, 2015 WL 7307246 (Bankr. S.D.N.Y. Nov. 19, 2015) ..........................2, 6, 7, 8

*In re Quad-C Funding LLC*,
   496 B.R. 135 (Bankr. S.D.N.Y. 2013) .......................................................................................6

*KDH Consulting Grp. LLC v. Iterative Cap. Mgmt. L.P.*,
   No. 20 CIV. 3274 (VM), 2020 WL 2554382 (S.D.N.Y. May 20, 2020) .................................11

*LNYC Loft, LLC v. Hudson Opportunity Fund I, LLC*,
    154 A.D.3d 109 (1st Dep't 2017) ..................................................................................6

*Martin v. Franklin Capital Corp.*,
    546 U.S. 132 (2005)....................................................................................................11

*Miller v. Steloff*,
    686 F.Supp. 91 (S.D.N.Y. 1988)................................................................................10

*Morgan Guar. Trust Co. v. Republic of Palau*,
    971 F.2d 917 (2d Cir. 1992).......................................................................................12

*N. Am. Soccer League, LLC v. U.S. Soccer Fed'n, Inc.*,
    883 F.3d 32 (2d Cir. 2018).........................................................................................10

*New York ex rel. Schneiderman v. Actavis PLC*,
    787 F.3d 638 (2d Cir. 2015).......................................................................................10

*Prescia v. U.S. Life Ins. Co. City of N.Y.*,
    No. 10-cv-2518, 2011 WL 70569 (S.D.N.Y. Jan. 6, 2011) ........................................12

*Price v. Gurney*,
    324 U.S. 100 (1945)...........................................................................................2, 6, 8

*Residential Mortg. Servs. Corp et al. v. Hossain et al.*,
    No. 06-602230, 2006 WL 4450566 (N.Y. Sup. Ct. Sep. 12, 2006)...........................11

*Smith v. Kinkead*,
    No. 03 Civ. 10283(RWS), 2004 WL 728542 (S.D.N.Y. Apr. 5, 2004)......................4

*Stewart Title Ins. Co. v. Timoney*,
    No. 011742-10, 2010 WL 11002491 (N.Y. Sup. Ct. Nov. 01, 2010)........................11

*Sun Forest Corp. v. Shvili*,
    152 F. Supp. 2d 367 (S.D.N.Y. 2001)........................................................................10

*Torres v. Sears Holdings Corp.*,
    No. 11 Civ. 3394(RMB), 2011 WL 3462775 (S.D.N.Y. Aug. 5, 2011)....................4

*Woodley v. Mass. Mut.*,
    No. 08 Civ. 0949(NRB), 2008 WL 2191767 (S.D.N.Y. May 23, 2008) ..................4

**Statutes and Rules**

28 U.S.C. §§ 1331......................................................................................................................5

28 U.S.C. §§ 1332......................................................................................................................5

28 U.S.C. §§ 1367......................................................................................................................9

28 U.S.C. §§ 1441............................................................................................................9, 12

28 U.S.C. §§ 1447............................................................................................................4, 12

Fed. R. Civ. P. 65....................................................................................................10, 12, 13

N.Y. C.P.L.R. § 6301........................................................................................................10, 11

N.Y. C.P.L.R. § 6313........................................................................................................10, 11

Plaintiff 608941 NJ INC. ("Oak" or "Investor Member") files this Memorandum in Support of Emergency Order to Show Cause for Remand or, in the Alternative, for Preliminary Injunction and Temporary Restraining Order (the "Motion") and would show as follows:

**PRELIMINARY STATEMENT AND FACTUAL BACKGROUND**

In a brazen attempt to deprive Plaintiff of the urgent relief it needs, ARCH REAL ESTATE HOLDINGS LLC ("AREH") frivolously removed this action (the "Removed Case") to federal court less than 24-hours before an emergency hearing for a temporary restraining order was to be heard in state court. By its utterly baseless removal, AREH has only proved the necessity of the relief sought in state court.

This court lacks jurisdiction because the parties are not diverse and no federal question has been raised. This dispute centers around Plaintiff's rights as a member of an LLC (Defendant AREH) established with Defendant JJ ARCH LLC ("JJ Arch") and controlled by Defendant Jeffrey Simpson ("Simpson" and with AREH and JJ Arch, "Defendants"). AREH owns and manages a large portfolio of real estate properties held in other, related LLCs (the "Applicable Entities"). After Plaintiff uncovered deeply troubling behavior and shocking mismanagement by Simpson, it filed suit and sought (1) a books and records inspection under the December 11, 2017 AREH LLC Agreement (the "AREH LLC Agreement")[1] and the New York statute governing a member's rights to such inspection, and (2) confirmation and enforcement of its major decision consent rights as a member of AREH. More specifically, and by way of an emergency order to show cause, Plaintiff sought (1) a temporary restraining order to prevent Defendants from carrying out their threatened action of instituting a bankruptcy action without Plaintiff's consent, which is expressly required under the AREH LLC Agreement, and (2) an order requiring Defendants to

---

[1] A copy of the AREH LLC Agreement can be found within Exhibit A to the October 12, 2023 Declaration of Leslie C. Thorne (the "Thorne Declaration"), marked as "Exhibit 1."

1

permit Plaintiff to inspect and copy certain books and records, which the relevant agreement also entitles Plaintiff to do. Accordingly, and contrary to AREH's Notice of Removal, the issues presented are quintessentially a matter of state law: Plaintiff's rights under an LLC agreement. While AREH argues that any dispute concerning its authority to institute bankruptcy on behalf of an LLC in which Plaintiff is a member creates federal question jurisdiction, the law—as recognized by this Court, the Bankruptcy Court for the Southern District of New York and the United States Supreme Court—explicitly rejects that position: whether a party has authority to file a bankruptcy petition on an LLC's behalf is strictly a matter of state law. *Price v. Gurney*, 324 U.S. 100, 106 (1945); *In re 477 W. 142nd St. Hous. Dev. Fund Corp.*, No. 20-CV-6771, 2022 WL 2093418, at *10 (S.D.N.Y. June 10, 2022), appeal dismissed (2d Cir. Dec. 19, 2022); *In re Pasta Bar By Scotto II, LLC*, No. 15-12766, 2015 WL 7307246, at *3 (Bankr. S.D.N.Y. Nov. 19, 2015). There is no federal question jurisdiction here.

Absent emergency remand so that Plaintiff's pending hearing on a temporary restraining order can go forward as set tomorrow afternoon, Plaintiff would urge this Court to itself consider and grant the emergency relief requested. The risk that Plaintiff's consent rights will be violated is high and mounting: Defendants have (1) threatened to bring a bankruptcy action despite the LLC agreement's clear terms establishing they lack authority to do so, (2) refused to clarify equivocal statements regarding whether they acknowledge and will abide by Plaintiffs' rights, (3) hired bankruptcy counsel, and finally, in an shameless maneuver to prevent this matter from being timely heard in any court, (4) filed a completely baseless notice of removal hours before the matter was set to be heard. These increasingly desperate tactics leave Plaintiff with no other conclusion than that Defendants will stop at nothing to avoid honoring Plaintiff's consent rights.

Defendants have also wrongfully withheld books and records to which Plaintiff is entitled under both contract and statute. In recent days, AREH and the Applicable Entities it manages (in whom Plaintiff also has an interest) have been bombarded with default notices, threatened foreclosures and investor complaints as a result of the malfeasance and gross negligence of Jeff Simpson, who currently controls AREH's managing member. Yet while Mr. Simpson—the sole individual with access to the books and records—has issued urgent demands for millions of dollars from Plaintiff, he has steadfastly refused to provide information about where Plaintiff's prior loans and contributions have gone or proof of how any new contributions would be booked or used. With the impending defaults and foreclosures, these books and records will not only provide vital insight into the state of affairs at AREH and Applicable Entities, but will also shed further light on Simpson's past and continuing malfeasance (as described more fully in the Removed Action), whose extortive and exploitive conduct is at the center of multiple pending lawsuits. *See 608941 NJ Inc v. Simpson*, Dkt. No. 1, 1:23-cv-07089 (S.D.N.Y.) and *Simpson et al. v. Chassen et al.*, Case No. 158055/2023, New York Supreme Court – Commercial Division. Plaintiff must have such access in order to determine how the businesses can be salvaged and take immediate action.

Accordingly, Plaintiff asks this Court to immediately remand this matter back to the Commercial Division so that the hearing previously scheduled for 3pm on Friday, October 13, may continue as planned or be scheduled as soon as possible thereafter. In the alternative, Plaintiff seeks an emergency hearing on a temporary restraining order on the same grounds raised in its proposed order to show cause in the state court proceeding, which matter was pending when the action was removed, entitling the issue to be decided upon on Plaintiff's original filing.

## FURTHER STATEMENT OF FACTS

For a complete recitation of the relevant facts, the Court is respectfully referred to the following:

- The Thorne Declaration filed with this Motion;

- Exhibit A to the Thorne Declaration, which includes the Complaint and accompanying exhibits originally filed in the Removed Case; and

- Exhibit B to Thorne Declaration, which includes the Emergency Order to Show Cause originally filed in the Removed Case.

## LEGAL STANDARD FOR REMAND

"Removal jurisdiction must be strictly construed, both because the federal courts are courts of limited jurisdiction and because removal of a case implicates significant federalism concerns." *Torres v. Sears Holdings Corp.*, No. 11 Civ. 3394(RMB), 2011 WL 3462775, at *2 (S.D.N.Y. Aug. 5, 2011) (citing *Smith v. Kinkead*, No. 03 Civ. 10283(RWS), 2004 WL 728542, at *1 (S.D.N.Y. Apr. 5, 2004)). A district court must remand a case if at any time before final judgment it appears that the court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "The burden of proving federal removal jurisdiction ... is on the party seeking to preserve removal, not the party moving for remand." *Woodley v. Mass. Mut.*, No. 08 Civ. 0949(NRB), 2008 WL 2191767, at *2 (S.D.N.Y. May 23, 2008) (cleaned up).

## ARGUMENT

**A. This Court lacks federal question jurisdiction because the relief sought by Oak presents only questions of state law.**

The Removed Case must be remanded back to the Commercial Division because this Court lacks jurisdiction. Specifically, the Court lacks subject matter jurisdiction because the parties are

not diverse[2] and because Oak's State Court Complaint (the "Complaint," NYSCEF Doc. No. 2) does not implicate any question of federal law. 28 U.S.C. §§ 1331, 1332. There is no federal cause of action on the face of the Complaint (Exhibit A to the Thorne Declaration), and the Notice of Removal mischaracterizes the relief sought by Oak's Emergency Order to Show Cause for Preliminary Injunction and Temporary Restraining Order and Related Relief ("OSC," Exhibit B to the Thorne Declaration). The Complaint and the OSC both concern the same narrow question of *state* law: whether Defendants have authority to institute a voluntary bankruptcy proceeding on behalf of AREH or the Applicable Entities without Oak's consent under the terms of the AREH LLC Agreement. Defendants lack this necessary authority under state law, so the inquiry stops there.

Section 7.1.3 of the AREH LLC Agreement requires JJ Arch as Managing Member of AREH to obtain prior written consent from Oak before undertaking any Major Decision,[3] including filing of a voluntary bankruptcy action on behalf of AREH or the Applicable Entities.[4]

---

[2] Plaintiff Oak is a New Jersey corporation with its principal place of business in Toronto, Canada. Defendant AREH is a limited liability company organized under the laws of New York. A limited liability company's citizenship is determined by the citizenship of each of its members. *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 60 (2d Cir. 2016). AREH's members are Oak and Defendant JJ Arch. Because Oak is a member of AREH, Oak and AREH are both citizens of New Jersey and Canada.

[3] Capitalized terms not defined herein have the meaning assigned to them by the AREH LLC Agreement.

[4] Section 7.1.3 of the AREH LLC Agreement provides, in part, that "if Managing Member desires to cause the Company or a Subsidiary to take any of the following decisions or actions (each a 'Major Decision'), Managing Member shall provide written notice thereof to the Members with such additional information as the non-Managing Member may reasonably request. Any Major Decision shall be undertaken only with the prior written consent of all Members (and, for the avoidance of doubt, any action or decision that would constitute a Major Decision if made or taken by the Company shall be a Major Decision if made or taken by any Subsidiary) . . . : (ii) file, acquiesce to, consent, or take of any Bankruptcy Action."

Section 1.1 provides: "'Bankruptcy Action' means with respect to any Person, if such Person (a) makes an assignment for the benefit of creditors, (b) files a voluntary petition in bankruptcy, (c) is adjudged bankrupt or insolvent, or has entered against it an order for relief, in any bankruptcy or insolvency proceedings, (d) files a petition or answer seeking for itself any reorganization, arrangement, composition, readjustment, liquidation or similar relief under any statute, law or regulation, (e) files an answer or other pleading admitting or failing to contest the material allegations of a petition filed against it in any proceeding of this nature, (f) seeks, consents to or acquiesces in the

Without consent from Oak, Defendants lacks authority to make any Major Decision on behalf of AREH.

The relief sought by Oak is purely a question of contractual interpretation under New York state law. An LLC member's authority to initiate bankruptcy proceedings on behalf of an LLC "finds its source in local law." *See Price*, 324 U.S. at 106; *see also In re Quad-C Funding LLC*, 496 B.R. 135, 141 (Bankr. S.D.N.Y. 2013) ("[T]he bankruptcy Code does not establish express rules relating to authority to file a voluntary petition for relief. In order to determine authority to file, courts initially look to the state law governing the entity."); *In re Pasta Bar By Scotto II, LLC*, 2015 WL 7307246, at *3 (same). If a party purporting to act on an entity's behalf is found to lack authority to institute bankruptcy proceedings, a court "has no alternative but to dismiss the petition." *Price*, 324 U.S. at 106. "Under New York law, the LLC's operating agreement governs the parties' conduct. If the Managing Member did not have the authority to file the petition *pursuant to applicable state law*, then the Debtor's case is subject to dismissal." *In re Pasta Bar*, 2015 WL 7307246, at *3 (cleaned up) (citation omitted) (emphasis added). Here, the sole question is whether Defendants have authority to file for bankruptcy on behalf of AREH *under state law*. There is simply no federal question presented.

Indeed, there should be no dispute here whatsoever, as courts applying New York law universally hold that the terms of an LLC agreement control whether a party has authority to

---

appointment of a trustee, receiver or liquidator of the Person or of all or any substantial part of its properties, or (g) if within one hundred twenty (120) days after the commencement of any proceeding against the Person seeking reorganization, arrangement, composition, readjustment, liquidation or similar relief under any statute, law or regulation, the proceeding has not been dismissed, or if within one hundred twenty (120) days after the appointment without such Person's consent or acquiescence of a trustee, receiver or liquidator of such Person or of all or any substantial part of its properties, the appointment is not vacated or stayed, or within one hundred twenty (120) days after the expiration of any such stay, the appointment is not vacated. The foregoing definition is intended to replace and shall supersede and replace the definition of 'bankruptcy' set forth in Sections 18-101(1) and 18-304 of the Bankruptcy Act."

initiate bankruptcy proceedings on the LLC's behalf.[5] In *In re Pasta Bar*, the court applied New York state law to conclude that a supermajority vote requirement was enforceable where the applicable "Operating Agreement [left] no open issues of fact or law whether the filing of a bankruptcy petition is a major decision requiring a supermajority vote to authorize the filing." *In re Pasta Bar*, 2015 WL 7307246, at *3. In dismissing the bankruptcy petition, the *In re Pasta Bar* court noted that it had been alerted to "no authority that the requirement of a supermajority vote to authorize a chapter 11 filing is inconsistent with law." *Id.* Courts applying other states' law have reached the same conclusion. *See, e.g.*, *In re Avalon Hotel Partners, LLC*, 302 B.R. 377, 380 (Bankr. D. Or. 2003). In this case, the AREH LLC Agreement's clear and unambiguous text allows only one conclusion: that "[a]ny Major Decision shall be undertaken only with the prior written consent of all Members," including any decision to "file, acquiesce to, consent, or take of any Bankruptcy Action." AREH LLC Agreement § 7.3.1. That is a question of state law and the only question at issue concerning Plaintiff's Major Decision Rights. Because Defendants lack authority to initiate bankruptcy proceedings on behalf of AREH or the Applicable Entities under the AREH LLC Agreement without Plaintiff's consent, they may not do so.

While Defendants ignore this binding precedent and argue that any mention of bankruptcy must implicate federal law such that it creates federal question jurisdiction, courts have uniformly rejected this argument and adopted the view that the question is one of corporate governance under

---

[5] "It is the primary rule of construction of contracts that when the terms of a written contract are clear and unambiguous, the intent of the parties must be found within the four corners of the contract, giving practical interpretation to the language employed and the parties' reasonable expectations. Evidence outside the four corners of the document as to what was really intended but unstated or misstated is generally inadmissible to add or vary the writing. That said, in analyzing contractual test, a court need not turn a blind eye to context. Rather, a court should accord contractual language its plain meaning giving due consideration to the surrounding circumstances and apparent purpose which the parties sought to accomplish. A written agreement that is clear, complete and subject to only one reasonable interpretation must be enforced according to the plain meaning of the language chosen by the contracting parties." *In re Coudert Bros.*, 487 B.R. 375, 389 (S.D.N.Y. 2013) (cleaned up) (citations omitted).

7

state law. *Price*, 324 U.S. at 106; *In re 477 W. 142nd St. Hous. Dev. Fund Corp.*, 2022 WL 2093418, at *10; *In re Pasta Bar By Scotto II, LLC*, 2015 WL 7307246, at *3. And the cases cited by Defendants (none of which bind this court, as opposed to the cases cited above) miss the mark. None involved a member's rights under an LLC. In *In re 3P Highstown, LLC*, the United States Bankruptcy Court for the District of New Jersey considered the same cases that AREH advanced in the Notice of Removal and concluded that an LLC agreement provision requiring members' prior approval for any bankruptcy proceeding controlled under state law and did not implicate public policy. 631 B.R. 205, 211–13 (Bankr. D.N.J. 2021) (distinguishing *In re Lexington Hospitality Group, LLC* and *In re Intervention Holdings, LLC* because the parties in those cases were objecting through a "golden share" obtained as a condition to a loan; further distinguishing *In re Pace Industries* as a bench ruling based on narrow facts related to the COVID-19 pandemic and the operation of Delaware law); *cf.* Notice of Removal at ¶¶ 16–17 (citing *In re Lexington Hospitality Group, LLC*, *In re Intervention Holdings, LLC*, and *In re Pace Industries*). Unlike the unique circumstances in cases cited by AREH, Plaintiff is one of two members of the LLC at issue and Defendants agreed to include the Major Decision provision of the AREH LLC Agreement in an arms-length negotiation. As noted above, courts have uniformly held that such circumstances solely present authority questions under state law.

The Notice of Removal is simply a continuation of Defendants' pattern of attempting to circumvent the clear and unambiguous terms of the AREH LLC Agreement. Oak seeks relief under only New York law, so the Court lacks subject matter jurisdiction over this dispute. Oak accordingly requests that the Court remand the action to the Commercial Division in advance of the hearing set on Oak's state court Emergency Order to Show Cause for Preliminary Injunction

and Temporary Restraining Order and Related Relief (the "TRO"), attached as Exhibit B to the Thorne Declaration.

### B. If the Court concludes that is has jurisdiction over Counts III and IV of the Complaint, it should sever and remand Plaintiff's remaining claims.

Even if the Court were to conclude that it has jurisdiction over Plaintiff's claims for declaratory and injunctive relief concerning its consent rights concerning bankruptcy, Plaintiff's claims for a books and records inspection and an equitable accounting would properly be severed and remanded to the Commercial Division. Because the facts concerning the books and records inspection and equitable accounting are not "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy," 28 U.S.C. § 1367, this Court lacks supplemental jurisdiction over them. *See* 28 U.S.C. § 1441(c) (court must sever and remand claims over which court has no supplemental jurisdiction). Indeed, whether Plaintiff has a consent right over a bankruptcy filing has no bearing whatsoever on whether it separately has a right to inspect books and records. And even if the Court were to find that it had permissive supplemental jurisdiction over such claims, it should decline to exercise such jurisdiction under 28 U.S.C. § 1367(c)(2) or (4) because such state law claims predominate over the consent right claims and because other compelling reasons (such as the ability to secure an immediate hearing on the books and records question) weigh in favor of remand.

### C. In the alternative, Oak asks the Court to grant the preliminary injunction and temporary restraining order sought in its state court Order to Show Cause.

Prior to removal, Plaintiff filed and set for immediate hearing the request for emergency relief as stated in the TRO, which is incorporated herein by reference. In the event that the Court finds it has jurisdiction over Plaintiff's Complaint, Plaintiff would re-urge the TRO and ask this Court to immediately enter the relief sought, namely, that the Court order Defendants to (1) refrain

from filing, acquiescing to, consenting to or taking of any Bankruptcy Action; and (2) grant Plaintiff access to the books and records of AREH and the Applicable Entities.

Plaintiff would urge the Court to consider the TRO as filed in the New York state court—and set to be heard less than 24 hours after Defendant's sudden removal—because "[i]t is well established that the district court 'takes the [removed] action in the posture in which it existed when it is removed from a state's court jurisdiction and must give effect to all actions and procedures accomplished in a state court prior to removal.'" *Sun Forest Corp. v. Shvili*, 152 F. Supp. 2d 367, 387 (S.D.N.Y. 2001) (citing *Miller v. Steloff*, 686 F.Supp. 91, 93 (S.D.N.Y.1988) (entertaining motion for summary judgment in lieu of complaint upon removal from state court); *Com/Tech Comm. Tech., Inc. v. Wireless Data Sys., Inc.*, 163 F.3d 149, 150–51 (2d Cir.1998) (endorsing adjudication of summary judgment motion upon removal from state court provided that defendant is allowed to raise defenses and counterclaims)). Accordingly, because Plaintiff moved for emergency relief in the state court action pursuant to N.Y. C.P.L.R. § 6301 and 6313 prior to the removal (and a hearing had been set on Plaintiff's TRO for the day following the removal), Plaintiff urges the Court to evaluate the merits of Plaintiff's TRO as if it had been originally filed in this Court pursuant to FRCP 65. *See id*.

Furthermore, even if the Court were to apply federal law to Plaintiff's previously filed TRO, the result would be the same as the standards governing an award of the emergency relief sought are substantively the same in both New York state court and the Second Circuit. *Compare N. Am. Soccer League, LLC v. U.S. Soccer Fed'n, Inc.*, 883 F.3d 32, 37 (2d Cir. 2018) (citing *New York ex rel. Schneiderman v. Actavis PLC*, 787 F.3d 638, 650 (2d Cir. 2015)) ("A party seeking a preliminary injunction must show (1) irreparable harm; (2) either a likelihood of success on the merits or both serious questions on the merits and a balance of hardships decidedly favoring the

moving party; and (3) that a preliminary injunction is in the public interest.") *with* N.Y. C.P.L.R. § 6301 and 6313 ("A temporary restraining order may be granted pending a hearing for a preliminary injunction where it appears the immediate and irreparable injury, loss or damage will result unless the defendant is restrained before the hearing can be had.")[6]; *compare KDH Consulting Grp. LLC v. Iterative Cap. Mgmt. L.P.*, No. 20 CIV. 3274 (VM), 2020 WL 2554382 (S.D.N.Y. May 20, 2020) (acknowledging TRO right to books and records inspection) *with In re Brenner*, 114 A.D.2d 363, 366 (2d Dep't 1985) (irreparable injury would result where plaintiff would "lose his absolute right to inspect the corporate books") *and Stewart Title Ins. Co. v. Timoney*, No. 011742-10, 2010 WL 11002491, at *10 (N.Y. Sup. Ct. Nov. 01, 2010) (granting emergency order to show cause and ordering defendants to produce books, records and other documents within five days of service of the order); *Residential Mortg. Servs. Corp et al. v. Hossain et al.*, No. 06-602230, 2006 WL 4450566 (N.Y. Sup. Ct. Sep. 12, 2006) (same).

For these reasons, the Court should consider and grant the emergency relief sought in Exhibit B to the Thorne Declaration, the TRO.

### D. Oak is entitled to recover fees incurred in bringing this Motion.

The Court should award Oak the attorneys' fees it incurred in connection with this Motion because AREH lacks a reasonable basis for removal. The United States Supreme Court has held that a court may award attorneys' fees when the party removing an action to federal court lacked an objectively reasonable basis for seeking removal. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). While bad faith plainly exists here, "[b]ad faith on the part of the removing party

---

[6] In fact, the federal standard is even more favorable to Plaintiff. For example, in the Second Circuit, "[w]ith respect to irreparable harm, doubts as to whether an injunction sought is necessary ... should be resolved in favor of granting the injunction." *Bon-Ton Stores, Inc. v. May Dep't Stores Co.*, 881 F. Supp. 860, 878 (W.D.N.Y. 1994), decision supplemented, No. CIV. A. 94-6454L, 1995 WL 215307 (W.D.N.Y. Mar. 6, 1995) (citing *Consol. Gold Fields PLC v. Minorco, S.A.*, 871 F.2d 252, 261 (2d Cir.), amended, 890 F.2d 569 (2d Cir. 1989)).

is not necessary in order for the non-removing party to recover fees." *Prescia v. U.S. Life Ins. Co. City of N.Y.*, No. 10-cv-2518, 2011 WL 70569, at *2 (S.D.N.Y. Jan. 6, 2011); *Arabesque v. Capacity LLC*, 2008 WL 681459, at *2 (S.D.N.Y. Mar. 10, 2008). Indeed, "the Second Circuit has emphasized the objective nature of the inquiry, observing that the statute authorizing recuperation of fees and costs incurred in defending against removal actions 'makes no reference at all to the state of mind or intent of the party removing the action, instead focusing . . . on the mere absence of subject matter jurisdiction.'" *G.H. Partners AG v. Wextrust Capital, LLC*, No. 07 Civ. 9803(DLC), 2008 WL 65102, at *2 (S.D.N.Y. Jan. 4, 2008) (quoting *Morgan Guar. Trust Co. v. Republic of Palau*, 971 F.2d 917, 923 (2d Cir. 1992)).

This is precisely the circumstance where a fee award is warranted. Defendant AREH filed a frivolous notice of removal that willfully ignored binding precedent from this court, the Bankruptcy Court for the Southern District of New York, and the United States Supreme Court. Instead of having a legitimate basis, the removal was filed solely in an effort to prevent a previously scheduled TRO hearing before Judge Cohen in New York state court. We would ask the Court to find that such gamesmanship has no place in federal court and order Plaintiff to pay $40,000 in fees and costs.

## CONCLUSION

For the reasons above, this Court should grant one of the alternative forms of relief:

- Pursuant to 28 U.S.C. §1447(c) remanding this matter back to the court from which it was removed; or

- Pursuant to 28 U.S.C. §1441(c), sever and remand Plaintiff's causes of action for books and record inspection and equitable accounting to be to the court from which it was removed and pursuant to Rule 65 of the Federal Rules of Civil Procedure

enjoining the defendant during the pendency of this action from filing, acquiescing to, consenting to or taking of any "Bankruptcy Action," as that term is defined in the AREH LLC Agreement; or

- Pursuant to Rule 65 of the Federal Rules of Civil Procedure enjoining the defendant during the pendency of this action from filing, acquiescing to, consenting to or taking of any "Bankruptcy Action," as that term is defined in the AREH LLC Agreement and granting immediate access to Plaintiff within five (5) days of service of this Order the books and records of AREH and the Applicable Entities described in Plaintiff's September 18, 2023 letter from January 1, 2020 to the present.

Dated: October 13, 2023
New York, New York

Respectfully submitted,

By: */s/ Leslie C. Thorne*
Leslie C. Thorne
leslie.thorne@haynesboone.com
Aishlinn Bottini
aishlinn.bottini@haynesboone.com

HAYNES AND BOONE, LLP
30 Rockefeller Plaza, 26th Floor
New York, NY 10112
Telephone: (212) 659-7300
Facsimile: (212) 918-8989

**ATTORNEYS FOR 608941 NJ INC.**