UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------
608941 NJ INC.,

                    Plaintiff,                    1:23-CV-08966 (ALC)

    -against-

JEFFREY SIMPSON, JJ ARCH LLC, and
ARCH REAL ESTATE HOLDINGS LLC,

                    Defendants.

---------------------------------------------------------------

# DEFENDANTS JEFFREY SIMPSON AND JJ ARCH LLC'S RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE

Sam P. Israel, P.C.
Sam P. Israel
(SPI 0270)
32 Broadway, 11th floor
New York, New York 10004
T: (646) 787-9880 | F: (646) 787-9886
E: Samisrael@spi-pc.com
*Attorneys for Defendants Jeffrey Simpson and JJ Arch LLC*

## TABLE OF CONTENTS

**Table of Authorities**……………………………………………………....…..3

I.	**Background**……………………………………………………………….4

II.	**Argument**……………………………………………………………….5

III.	**Conclusion**……………………………………………………………8

# TABLE OF AUTHORITIES

*Cases*

*Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308 (2005)…………..…5,6

*Gunn v. Minton*, 568 U.S. 251 (2013)………………………………………………………5,7

*In re Bay Club Partners-472, LLC*, Bankruptcy Case No. 14-30394-rld11, 8 (Bankr. D. Or. May. 6, 2014)………………………………………………….…….5

*In re Intervention Energy Holdings, LLC*, 553 B.R. 258 (Bankr. D. Del. 2016)…………………………………………………………………………..…..6

*In re Lexington Hospitality Group, LLC,* 577 B.R. 676 (Bankr. E.D.K.Y. 2017)……………………………………………………………………………….……6

Defendants Jeffrey Simpson and JJ Arch LLC ("Defendants") submit this memorandum of law in response to the order to show cause ("OSC") issued by the Court on October 13, 2023, asking why an order should not be issued granting plaintiff 608941 NJ Inc. ("Plaintiff") a remand of the case to state court.

**I.     Background**

This case, prior to its removal, was a civil action filed on October 10, 2023 in the Supreme Court of the State of New York, New York County, as *608941 NJ Inc. v. Jeffrey Simpson, JJ Arch LLC, and Arch Real Estate Holdings LLC,* Index No. 54963/2023 (the "Removed Case").

Plaintiff in the removed case filed an order to show cause with a request for a T.R.O. which sought to deprive Defendant of the federal right to seek bankruptcy protection and ordered Defendant to provide documents and information. Plaintiff served an amended order to show cause on October 11, 2023. Defendant filed its Notice of Removal on October 12, 2023, and Plaintiff filed its Motion to remand or for a preliminary injunction that same day.

The OSC derives from an order to show cause filed by Plaintiff seeking remand of this action and, in the alternative, a preliminary injunction ("PI") and temporary restraining order ("TRO") enjoining Defendants during the pendency of this action from filing, acquiescing to, consenting to or taking of any "Bankruptcy Action," as that term is defined in the Limited Liability Company Operating Agreement of Arch Real Estate Holdings LLC (the "AREH LLC Agreement") and granting immediate access to Plaintiff within five (5) days of service of this Order the books and records of Arch Real Estate Holdings LLC ("AREH") and the Applicable Entities described in Plaintiff's September 18, 2023 letter (the "Demand Letter") from January 1, 2020 to the present.

This Court issued an order on October 13, 2023 requiring Defendants and defendant AREH to file a response to the OSC on the bankruptcy issue by October 23, 2023. Defendants join in the

opposition brief filed by defendant AREH on the OSC and submit the following contentions in further support thereof.

## II. Argument

To determine whether federal-question jurisdiction existed over federal issues embedded in state-law claims between non-diverse parties, the question [is] whether the state-law claim necessarily raised a stated federal issue, actually disputed and substantial, which a federal forum could entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities.

*Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308 (2005); *see also Gunn v. Minton*, 568 U.S. 251, 256 (2013). The instant case turns directly on a matter of federal law, *i.e.,* whether the presiding court can enjoin a party's choice to file for bankruptcy protection. This case is akin to *Grable* where it was held in relation to state law claims involving federal law principles that:

> There is, however, another long-standing, if less frequently encountered, variety of federal "arising under" jurisdiction, judicial precedent having recognized for nearly 100 years that in certain cases federal question jurisdiction will lie over state-law claims that implicate significant federal issues. The doctrine captures the commonsense notion that a federal court ought to be able to hear claims recognized under state law that nonetheless turn on substantial questions of federal law, and thus justify resort to the experience, solicitude, and hope of uniformity that a federal forum offers on federal issues." *Id*. ("With respect to a quiet-title action that a company had brought in a state court concerning some real property, the national interest in providing a federal forum for federal tax litigation was sufficiently substantial to support the exercise of federal-question jurisdiction over a disputed issue… .")
> *Id.*

Here, by seeking to have the court invalidate the Defendants' right to seek bankruptcy protection, the Plaintiff is directly invoking federal case law holding such matters to be federal in nature. *See e.g., In re Bay Club Partners-472, LLC*, Bankruptcy Case No. 14-30394-rld11, 8 (Bankr. D. Or. May. 6, 2014)(Federal law and policy invalidated a restriction on bankruptcy filings which was inserted in an LLC operating agreement). The court in *Grable* held: "my ultimate conclusion is that the disposition of this matter is governed by federal law. The Ninth Circuit has

5

been very clear that a debtor's prepetition waiver of the right to file a bankruptcy case is unenforceable because it is a violation of public policy...The bankruptcy waiver in Section 11.1.24 of the Operating Agreement is…the maneuver of an 'astute creditor' to preclude Bay Club from availing itself of the protections of the Bankruptcy Code prepetition, and it is unenforceable as such, as a matter of public policy."

According to *Grable,* the prevalence of federal policy and deference to federal court jurisdiction: "captures the commonsense notion that a federal court ought to be able to hear claims recognized under state law that nonetheless turn on substantial questions of federal law, and thus justify resort to the experience, solicitude, and hope of uniformity that a federal forum offers on federal issues…" *Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308 (2005).

In *In re Intervention Energy Holdings, LLC*, 553 B.R. 258 (Bankr. D. Del. 2016), in the bankruptcy context, where an amendment to an LLC agreement granted a lender an approval right for any bankruptcy filing, it was held void as contrary to federal policy, with the court observing "[t]he federal public policy to be guarded here is to assure access to the right of a person, including a business entity, to seek federal bankruptcy relief as authorized by the Constitution and enacted by Congress. It is beyond cavil that a state cannot deny to an individual such a right. I agree with those courts that hold the same applies to a 'corporate' or business entity, in this case an LLC." (Footnotes omitted).

Likewise, in *In re Lexington Hospitality Group, LLC,* 577 B.R. 676 (Bankr. E.D.K.Y. 2017) federal law and policy invalidated a restriction on an LLC's bankruptcy filings inserted in an LLC operating agreement. Held: "The company's authority to file bankruptcy is controlled by Kentucky Law, but the validity of the bankruptcy restrictions is a matter of federal law… [T]here is a strong federal public policy in favor of allowing individuals and entities their right to a fresh

start in bankruptcy….It has been said many times and many ways. '[P]repetition agreements purporting to interfere with a debtor's rights under the Bankruptcy Code are not enforceable.' [T]he Bankruptcy Restrictions violate federal public policy and are void."

*Gunn v. Minton*, 568 US 251 (2013) recognizes the same principle of federal jurisdiction as *Grable* but is distinguishable in its holding. In *Gunn*, "the federal issue was not substantial in the relevant sense because (a) federal patent issue was posed in a merely hypothetical sense:" A malpractice claim in state court based on Plaintiff's attorneys' failure to raise an experimental use argument was at the heart of the case. The question was "if his lawyers had raised a timely experimental-use argument, would the result in the underlying patent infringement proceeding have been different? This issue was not important to the federal patent system as a whole." *Id.* "There is no reason to suppose that Congress meant to bar from state courts state legal malpractice claims simply because they require resolution of a hypothetical patent issue." *Gunn v. Minton*, 568 U.S. at 252.

Thus, *Grable*, and later *Gunn* advanced a four-part test for the invocation of federal jurisdiction for state law claims, "[t]hat is, federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton*, 568 U.S. 254 (2013).

In *Gunn*, the Defendant did not "meet *Grable's* fourth requirement, which is concerned with the appropriate federal-state balance." The court held, "[t]here is no reason to suppose that Congress meant to bar from state courts state legal malpractice claims simply because they require resolution of a hypothetical patent issue." *Id.*

By contrast, in the instant case, the bankruptcy issue is the heart of the Plaintiff's claim, *i.e*., to enjoin a bankruptcy filing under what must be an application of binding federal precedent. Here, the issue of impeding bankruptcy is undoubtedly necessarily raised, actually disputed, substantial and susceptible to resolution in this forum. "Where all four of these requirements are met, jurisdiction is proper because there is a serious federal interest in claiming the advantages thought to be inherent in a federal forum, which can be vindicated without disrupting Congress's intended division of labor between state and federal courts." *Id.*

### III. Conclusion

For the foregoing reasons, and those stated in the contemporaneously filed opposition memorandum of law of AREH, the Court should deny the motion to remand, retain jurisdiction over this matter and deny the requested injunctive relief as it relates to a potential bankruptcy filing.

**Sam P. Israel, P.C.**

By: *Sam P. Israel*
(SPI0270)
32 Broadway, 11th floor
New York, New York 10004
T: (646) 787-9880 | F: (646) 787-9886
E: Samisrael@spi-pc.com