UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| 608941 NJ INC., <br><br> Plaintiff, <br><br> -against- <br><br> JEFFREY SIMPSON, JJ ARCH LLC, and ARCH REAL ESTATE HOLDINGS LLC, <br><br> Defendants. | Civil Action No.: 1:23-cv-08966 <br><br> **DECLARATION OF MICHAEL WIENER IN FURTHER SUPPORT OF EMERGENCY ORDER TO SHOW CAUSE FOR REMAND AND, IN THE ALTERNATIVE, FOR PRELIMINARY INJUNCTION** |

I, MICHAEL WIENER, hereby declare under penalty of perjury pursuant to 28 U.S.C. 1746 that the following is true and correct to the best of my knowledge, information, and belief:

1. I, Michael Wiener, am the Chief Executive Officer of 35 Oak Holdings Ltd., a Toronto-based family office, where I oversee a portfolio of businesses and direct investments. 35 Oak Holdings Ltd. owns all shares of Plaintiff Oak.[1] I respectfully submit this declaration in support of Oak's Emergency Order to Show Cause for Remand, and in the Alternative, for Preliminary Injunction, and for such other and further relief as this Court deems just and proper.

2. Numerous assertions in the October 20, 2023 Declaration of Jeffrey Simpson (ECF No. 19, "Simpson Decl.") are false, misleading and/or warrant clarification.

3. Simpson declares he is the "sole owner" of Defendant JJ Arch. (Simpson Decl. ¶ 1). This is false. Simpson and Jared Chassen are the two members of JJ Arch, and the Limited Liability Company Operating Agreement of JJ Arch LLC (the "JJ Arch LLC Agreement"), which is attached hereto as **Exhibit A**, provides that Simpson and Chassen are entitled to equal

---

[1] Capitalized terms herein shall have the meaning defined in Oak's concurrently filed Memorandum of Law in Further Support of Emergency Order to Show Cause for Remand, and in the Alternative, For Preliminary Injunction.

distributions under Section 5.1(b).[2] While Simpson's and Chassen's respective status at JJ Arch is currently the subject of the JJ Arch Proceeding, and pursuant to certain orders in that matter, each is currently still a member of JJ Arch. The operative orders in the JJ Arch Proceeding are attached hereto as **Exhibit B**. Indeed, the August 21, 2023 Interim Order in the JJ Arch Proceeding expressly imports the limitations on Simpson's managerial authority provided in the JJ Arch LLC Agreement, including the limitation that requires Chassen's consent to any "Bankruptcy Action," as that term is defined in the JJ Arch LLC Agreement.

4. Simpson also declares that "Plaintiff is a minority 'Investor Member' in AREH, owning 20% of the company. JJ Arch is AREH's majority owner, as the parties agreed in organizational documents." (Simpson Decl. ¶ 3). Reference to the "organizational documents," namely, the AREH LLC Agreement, illustrates the misleading characterization of Simpson's assertions.

5. There is no provision in the AREH LLC Agreement that expressly states ownership percentages, contrary to the impression created by Simpson's assertion. However, Section 6.1 of the AREH LLC Agreement addresses "Distributions of Cash Flow" and provides the following priority of distributions:

> (i) First, to Investor Member an amount equal to 4% per annum simple interest on its Unreturned Capital Contribution;

---

[2] The validity and effect of purported amendments to JJ Arch LLC Agreement are currently in dispute in the JJ Arch Proceeding, one of which purports to alter the distribution shares to 50.1% and 49.9% between Simpson and Chassen respectively. Nevertheless, even if this amendment is deemed in effect, Simpson is not the "sole owner" of JJ Arch by any stretch.

   (ii)  Second, to Investor Member and JJ Member pro rata based on their respective Unreturned Capital Contributions until their respective Unreturned Capital Contributions are reduced to zero;

   (iii)  Thereafter, 80% to JJ Member and 20% to Investor Member.

(ECF. No. 10-1 at "Exhibit 1," AREH LLC Agreement ¶ 6.1).

  6.  In other words, to the extent any "80/20" split between JJ Arch and Oak exists, the provision that provides for such allocation does not take effect until after Oak's "Unreturned Capital Contributions" have been reduced to zero. Oak has contributed over $3 million to AREH, none of which has been returned. Given that AREH itself generates its cash flow primarily from fees charged to the entities it manages (referred to as the "Applicable Entities" in Oak's Memoranda of Law) and given the present strained financial condition of AREH and the entities it manages, it is doubtful that JJ Arch would receive any significant distribution from AREH if it were liquidated and its assets were distributed. Moreover, the "ownership" of AREH is somewhat beside the point, as AREH itself does not own significant property, but rather, manages a significant portfolio of real estate in which Oak, or an Oak affiliate, has contributed in excess of $50 million in equity out of $150 million contributed across all investors, making Oak and its affiliates the largest investor in the portfolio AREH manages. By comparison, it is my understanding JJ Arch has no direct equity investment in any of the managed entities, but that it controls certain LLCs through which the JJ Arch principals and senior AREH employees hold equity in certain properties. It is also my understanding that Simpson has invested approximately $500,000 in AREH and the Applicable Entities and contributed about $1,500,000 in acquisition fees—a minimal contribution in comparison to that of Oak and its affiliates. Oak's contributions to the managed entities are not subject to the 80/20 profits split contained in the AREH LLC

Agreement described above, and Oak is instead entitled to distributions pursuant to and in accordance with the terms of the relevant organizational documents of those entities.

7. The claims in the Simpson Declaration that Oak has been derelict in its duties to provide capital are also untrue and entirely lacking important context. Ironically, it is the JJ Arch-controlled entities that have defaulted on their funding obligations, not Oak. For example, a capital call issued by AREH for one of the Applicable Entities, Center Point 3 MM LLC, purports to relieve the JJ Arch entity of its funding obligation and apparently assigns that obligation to Oak, which lacks any basis in the relevant operating agreement and rendered the capital call completely defective. *See* **Exhibit C**, which contains the defective capital call and related correspondence. This is not the only instance of AREH purporting to relieve JJ Arch of its funding obligations, which is not authorized in any manner by the controlling agreements.

8. The history of AREH's mismanagement at Simpson's hands is amply recounted and supported with documentary evidence in the papers Oak initially filed in state court, which AREH removed to this Court. (ECF Nos. 10-1 and 10-2)[3]. However, to briefly summarize, Simpson has entirely refused to provide Oak with required books and records or required financial reporting, rendering Oak essentially blind to whether any need for capital contributions in fact exists, and perhaps more importantly, what has become of the many millions Oak has already contributed. Simultaneously, Simpson has taken to making urgent demands for capital infusions under the imminent threat of the collapse of the business (and Oak's and its affiliate's guaranty

---

[3] ECF Nos. 10-1 and 10-2 (filed by Oak) and ECF Nos. 1-3, 1-4, 1-5, 1-6, and 1-7 (filed by AREH) contain the record of the removed action. Due to a technical issue, however, a limited number of pages from the record appear to be missing in Oak's and AREH's respective filings. Complete versions of the affected record documents are re-attached hereto as **Exhibit D**.

liability in the event of defaults), completely disregarding the need to raise capital calls, and likewise refusing to specify how the funds will be used.

9. This conduct, coupled with other serious acts of misconduct (for example, the abandoned 1031 rollover, which Simpson concealed for months and only came to light weeks before the significant and unexpected tax liabilities related to the failure came due) have led Oak to seek a receiver over JJ Arch.  Oak's motion for a receiver is attached hereto as **Exhibit E**.

10. Indeed, in a recent hearing on Oak's motion for a receiver, Justice Cohen, who is presiding over the matter, repeatedly expressed his grave concern over the state of affairs under Simpson's management, and when AREH's purported counsel, Mr. Griffin, attempted to cast blame on Oak for not giving into Simpson's latest demands for capital, asked Mr. Griffin if he would recommend to any of his clients to contribute capital under like circumstances.

11. Finally, Simpson's hypotheticals regarding "[i]f AREH lacks sufficient funds" and whether "bankruptcy would be the best option for stakeholders" simply highlight the unreasonableness of Defendants' refusal to supply the books and records.  While AREH has recently provided Oak limited view access to portions of its accounting system after Justice Cohen expressed his dim view of Defendants' withholding the books and records, Oak still does not have access to the full books and records to which it is entitled under the operating agreements, which access it continues to seek in this proceeding.  Oak therefore continues to lack sufficient visibility into the financial status of AREH and its subsidiaries to make ongoing funding decisions.

12. I hereby declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that all statements made of my own knowledge are true and that all statements made on information and belief are believed to be true.

Date: October 23, 2023

                                                Respectfully submitted,

                                                _____

                                                Michael Wiener

## CERTIFICATE OF SERVICE

I, Leslie Thorne, declare under penalty of perjury that on October 23, 2023, I served this DECLARATION OF MICHAEL WIENER IN FURTHER SUPPORT OF EMERGENCY ORDER TO SHOW CAUSE FOR REMAND AND, IN THE ALTERNATIVE, FOR PRELIMINARY INJUNCTION on all counsel of record via ECF filing.

By: */s/ Leslie Thorne*
Leslie C. Thorne
leslie.thorne@haynesboone.com
Aishlinn Bottini
aishlinn.bottini@haynesboone.com
HAYNES AND BOONE, LLP
30 Rockefeller Plaza, 26th Floor
New York, NY 10112
Telephone: (212) 659-7300
Facsimile: (212) 918-8989

**ATTORNEY FOR 608941 NJ INC.**